DUNCOMBE SAVINGS BANK, Appellant, v. MRS. S. B. EATON
et al., Appellees.

CONTRACTS: Discharge of Debts of Grantor. Evidence reviewed,
and held insufficient to establish a contract on the part of a
grantee of land to pay certain debts of the grantor.

*Appeal from Webster District Court.*—EDWARD M. McCALL,
Judge.

NOVEMBER 19, 1918.

SUIT in equity, to subject real estate to the payment of
plaintiff's 'judgment. There was a decree dismissing the
petition, and the plaintiff appeals.—*Affirmed.*

*Healy & Thomas,* for appellant.

*Kenyon, Kelleher, Price & Hanson,* and *E. J. Van Ness,*
for appellees.

EVANS, J.—The judgment debtor is Mrs. Eaton. The
defendant Sid Backus is the son-in-law of Mrs. Eaton, and
defendant Laura Backus is her daughter. Originally, the
plaintiff's petition was a creditor's bill, whereby it sought
to set aside as fraudulent a conveyance from Mrs. Eaton
to her son-in-law. Later, an amendment to the petition was
filed, whereby it was averred that the defendants Backus,
in consideration of the conveyance, agreed to pay the debt
owed by Mrs. Eaton to the plaintiff. This debt amounted
to $580. The facts upon which the controversy rest are
that Mrs. Eaton owned a life estate in a little property at
Duncombe, the remainder thereof being owned by her chil-
dren. The property, in its entirety, was of the value of from
$1,400 to $1,700. Mrs. Eaton became involved in many
debts; and likewise, some of her children. The son-in-law
Backus bought the interests of the various children, except

that of his wife, and bought also the life estate of the mother, Mrs. Eaton. It is now contended by the plaintiff that, as a consideration for the purchase from Mrs. Eaton, he agreed to pay all her debts. This is denied by Backus. The controversy presents a question of fact only, and the evidence is in conflict. We are clear that the evidence on the part of the defendants is the more reasonable and probable. A part of the consideration to Mrs. Eaton was that she should receive back a life lease of the same premises, and such life lease was executed to her. In addition to that, the defendant paid bills for her, amounting to $350. In taking a conveyance of her life estate and executing back to her a life lease, he assumed the payment of all taxes and assessments against the property. In a practical sense, her situation with reference to the property was improved by the change. It is not now claimed that there was any fraud in the transaction. If the defendant did agree to pay the debt due to the plaintiff, then he agreed to pay for Mrs. Eaton's interest in the property much more than the value thereof, by the undisputed testimony. The burden was upon the plaintiff. We think the preponderance of the evidence was clearly with the defendants. The decree of the district court is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.